**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ANDREA ALLEN,

                              Plaintiff,

           -against-

POLICE OFFICER ROBERT T. LEONARD,
SERGEANT CHRISTOPHER SKARTSIARIS,
and UKNOWN JOHN DOE POLICE OFFICERS,

                              Defendants.
------------------------------------------------------------X

                                  **REPORT AND**
                                  <u>**RECOMMENDATION**</u>

                                 CV 18-7163 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     <u>PRELIMINARY STATEMENT</u>

       Andrea Allen ("Plaintiff") commenced this action against Police Officer Robert T.

Leonard ("P.O. Leonard") and Police Sergeant Christopher Skartsiaris ("Sgt. Skartsiaris")

(collectively, "Defendants"), alleging violations of the Fourth and Fourteenth Amendments to

the United States Constitution, pursuant to 42 U.S.C. § 1983. *See generally* Complaint

("Compl.") [DE 1]. Plaintiff claims that Defendants' conduct in connection with her arrest on

December 17, 2016 constitutes false arrest, malicious prosecution, and malicious abuse of

process. *See generally id.*

       On July 25, 2019, Defendants filed a motion to dismiss Plaintiff's Complaint, pursuant to

Federal Rule of Civil Procedure ("Rule" or "FED. R. CIV. P.") 12(b)(6) and/or 12(c), asserting

that it is incontrovertible that Defendants had probable cause to arrest the Plaintiff. *See generally*

Defendants' Notice of Motion to Dismiss ("Defs.' Notice") [DE 18]; Defendants' Memorandum

of Law in Support of Motion to Dismiss ("Defs.' Mem.") [DE 18-2]; Declaration of Gregg G.

Weinstock in Further Support of Defendants' Motion ("Weinstock Reply Decl.") [DE 20].

Alternatively, Defendants seek to convert the motion to one for summary judgment, pursuant to Rule 56. *See id.* Plaintiff opposes the motion arguing that Defendants' motion is based on "inadmissible evidence" and factual assertions that are "hotly contested." *See* Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n") [DE 19] at 1.

Judge Feuerstein referred Defendants' motion to this Court for a Report and Recommendation as to whether the motion should be granted. *See* July 29, 2019 Electronic Order. For the reasons which follow, this Court respectfully recommends to Judge Feuerstein that Defendants' motion to dismiss be DENIED.

## II.    BACKGROUND

### A.    Plaintiff's Complaint

The following factual allegations have been taken from Plaintiff's Complaint. All facts alleged by Plaintiff are assumed to be true for purposes of deciding the motion to dismiss and are construed in a light most favorable to the Plaintiff as the non-moving party. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009); *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 425 (E.D.N.Y. 2012).

On December 17, 2016, the Plaintiff was arrested by Defendant P.O. Leonard and non-party P.O. Kevin Hughes of the Village of Lynbrook Police Department ("Lynbrook Police Department"). *See* Compl. ¶ 16. Plaintiff was charged with criminal mischief in the third degree. *Id*. ¶ 25. Several hours after Plaintiff was arrested and in custody, Defendants explained to her that the arrest and the resulting charge were based on an allegation made by Plaintiff's neighbors. *Id.* ¶¶ 19, 21. Plaintiff's neighbor and the neighbor's daughter claimed that they saw Plaintiff "key" the neighbor's car the prior morning around 8:45 a.m. *Id.* Upon hearing the reason for her arrest, Plaintiff immediately denied the allegation and advised Defendants that she

2

was in court during the time that the neighbor purportedly saw Plaintiff damage the vehicle. *Id.* ¶¶ 21-22. Plaintiff urged Defendants to confirm this by either reviewing the docket of the case for which she was in court or by calling Plaintiff's lawyer. *Id.* Defendants responded that "they did not care whether [Plaintiff] had an alibi or whether she was innocent, because they were tired of her using the police to hash out her disagreements with her neighbor." *Id.* ¶ 23. Plaintiff offered to give Defendants her attorney's phone number to confirm her alibi. *Id.* She also requested that Defendants check the public docket to confirm her court appearance that morning, but they did not do so. *Id.* Upon information and belief, Defendants did eventually confirm Plaintiff's alibi.[1] *Id.* ¶ 24.

The Complaint further explains that this incident did not occur in a vacuum. Plaintiff and her neighbor had a long history of disputes. *Id.* ¶¶ 19-20. On several occasions, officers from the Lynbrook Police Department had responded to the apartment building where the two women reside to mediate these disputes. *Id.* ¶ 19. Plaintiff alleges, on information and belief, that her neighbor had previously lodged a false complaint against Plaintiff with the Lynbrook Police Department to get Plaintiff evicted from the residence. *Id.* ¶ 20. The Complaint states that the Defendants were aware of her neighbor's untrustworthiness and propensity to lie based on her neighbor's history of false accusations about Plaintiff to the Lynbrook Police Department. *Id.* ¶ 29. According to the Complaint, despite knowing the ongoing contentious relationship

---

[1]    "A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374 (2d Cir. 2018) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). A plaintiff may plead facts "upon information and belief" when "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *See id.* (quotations and citation omitted). The Court will not consider this factual allegation because the Complaint fails to plead any additional allegations suggesting the fact plausible or is peculiarly within the possession and control of Defendants.

between Plaintiff and her neighbor and receiving information which would exonerate Plaintiff of the accusation, Defendants nonetheless charged Plaintiff with criminal mischief in the third degree. *Id.* ¶¶ 24, 29. This action was "to punish Plaintiff for previously involving the police in disputes with her neighbor and to discourage her from involving the police in matters they deemed trivial." *Id.* ¶ 44.

On December 18, 2019, Plaintiff was arraigned and bail was set at $10,000.00. *Id.* ¶ 25. Plaintiff could not afford to post bail and, as a result, was incarcerated for 31 days. *Id.* The charges against Plaintiff were ultimately dismissed after the prosecution allegedly confirmed Plaintiff's alibi. *Id.* ¶ 26.

### B.    Procedural History

On December 16, 2018, Plaintiff commenced this action against Defendants, pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution for false arrest, malicious prosecution, and malicious abuse of process arising from Plaintiff's December 17, 2016 arrest. *See generally* Compl. Defendants filed an Answer to Plaintiff's Complaint on February 13, 2019. *See* Answer ("Ans.") [DE 11]. Among the defenses raised in the Answer is the failure to state a cause of action upon which relief can be granted. *Id.* ¶ 15. Defendants sought leave to make a dispositive motion and Judge Feuerstein set a briefing schedule for the filing of a motion to dismiss. *See* DE 15.

On July 25, 2019, Defendants filed their motion to dismiss, pursuant to Rule 12(b)(6) and/or Rule 12(c), or, alternatively, Defendants sought to convert the motion to one for summary judgment, pursuant to Rule 56. *See generally* Defs.' Notice; Defs.' Mem. In support of their motion, Defendants submitted a memorandum of law as well as the declaration of their attorney Gregg Weinstock. *See* Declaration of Gregg Weinstock, Esq. ("Weinstock Decl."), annexed to

Defendants' Notice of Motion to Dismiss as Exhibit 1.  The following documents are attached as exhibits to the Declaration of Attorney Weinstock:  (1) Plaintiff's Summons and Complaint, Ex. A [DE 18-3]; (2) Defendants' Answer and discovery demands, Ex. B [DE 18-4]; (3) Defendants' Initial Disclosures pursuant to Rule 26(a) with accompanying documents, Ex. C [DE 18-5]; (4) Plaintiff's Initial Disclosures pursuant to Rule 26(a), Ex. D [DE 18-6]; and (5) miscellaneous documents from the County Court of Nassau County proceedings, Ex. E [DE 18-7].

On July 25, 2019, Plaintiff filed opposition to Defendants' motion to dismiss.  *See* Pl.'s Opp'n.  Defendants thereafter filed a reply.  *See* Weinstock Reply Decl.  Judge Feuerstein referred Defendants' motion to this Court for a Report and Recommendation as to whether the motion should be granted.  *See* July 29, 2019 Electronic Order.

### C.    The Parties' Positions

#### 1.    *Defendants' Motion to Dismiss*

Defendants argue that Plaintiff cannot sustain a Section 1983 civil rights claim based on false arrest, malicious prosecution, or malicious abuse of process where, as here, the arresting officers had probable cause to arrest Plaintiff and had no alibi to rely on at the time of the arrest. *See* Defs.' Mem. at 2, 9-12.  Defendants assert that they had probable cause to arrest Plaintiff based on two signed witness statements, including one from Plaintiff's neighbor and one from the daughter of Plaintiff's neighbor (collectively "Complainants").  *Id.*  The two signed witness statements were memorialized in Village of Lynbrook, New York Police Department Supporting Depositions (the "Supporting Depositions"), which served as the basis for the Felony Complaint. *Id.* at 3; Weinstock Decl., Ex. C at 8-10.  The Supporting Depositions identify Plaintiff as the

individual seen damaging her neighbor's car and include the amount of the damages purportedly caused.  *See* Defs.' Mem. at 3.

In Defendants' Memorandum of Law, counsel asserts that the Defendant police officers had prior experience involving disputes between Plaintiff and her neighbor.  *Id.* at 9.  However, relying on the Supporting Depositions, counsel argues that "a reasonable person with the 'same expertise' as Officers Leonard and Hughes would have acted the same under these circumstances."  *Id.*  Although these facts are not supported by the record, Defendants' counsel also claims that Plaintiff (1) did not provide them with her attorney's contact information at the time of the arrest to enable them to confirm the purported alibi and (2) did not provide them with an accurate and consistent accounting of her whereabouts during the morning of the subject incident.[2]  *Id.* at 3-4.  Nonetheless, Defendants argue that there are no genuine issues of material fact regarding the existence of probable cause, or arguable probable cause, to arrest and charge Plaintiff based on the Supporting Depositions and Plaintiff's failure to provide sufficient information to confirm her alibi.  *Id.* at 9-12; *see also* Weinstock Reply Decl. at 2-3, 5.

Defendants further note that even now, Plaintiff cannot prove her alibi.  *Id.* at 11-12. Citing the Initial Disclosures exchanged in this action and the partial transcript of the

---

[2]    These facts are not supported by the Felony Complaint, Supporting Depositions, or any affidavit or declaration.  *See* Local Civ. R. 7.1 ("All motions shall include … supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."); Local Civ. R. 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 74 (2d Cir. 2001).  Therefore, as explained further below, these facts will not be considered by the Court in resolving the instant motion.  *See N.Y. Civil Liberties Union v. Grandeau,* 528 F.3d 122, 132 (2d Cir. 2008) ("[W]here there are no[ ] citations or where the cited materials do not support the factual assertions in the [56.1] Statements, the Court is free to disregard the assertion."); *Giannullo v. City of New York,* 322 F.3d 139, 142 (2d Cir. 2003) (a memorandum of law "is not evidence at all").

December 16, 2016 Nassau County Criminal Court hearing forming the basis of Plaintiff's alibi, Defendants argue that there is no "concrete evidence regarding the time of the proceedings or the time of the Plaintiff's appearance in court." *Id.* at 11; *see also* Weinstock Reply Decl. at 5.  Even if there was such evidence, Defendants argue that it was not known by the officers at the time of the arrest and thus should not be weighed in any probable cause inquiry.[3]  Defs.' Mem. at 11.

### 2.    *Plaintiff's Opposition*

Plaintiff opposes Defendants' motion to dismiss, pointing out, among other things, the procedural deficiencies, especially as related to Defendants' request to convert the motion to one for summary judgment.  *See* Pl.'s Opp'n at 1.  Plaintiff directs attention to the fact that Defendants failed to comply with Local Rule 56.1 by not including a Statement of Undisputed Facts with corresponding citations to admissible evidence.  *Id.*  Plaintiff argues that Defendants' failure to comply with Local Rule 56.1 is not merely a technical defect.  *Id*.  According to Plaintiff, the entirety of Defendants' motion "hinges on unsourced facts, inadmissible evidence, and factual assertions that are, in fact, hotly disputed."  *Id.*  Defendants failed to provide any affidavit or declaration in support of the disputed fact that Defendants asked Plaintiff the name and number of her attorney and offered to call the attorney to confirm her alibi.  *Id.* at 6-7.  Plaintiff also notes that Defendants' allegation that they could not confirm Plaintiff's alibi is belied by the fact that the Defendants eventually did confirm her alibi.  *Id.*

Ultimately, Plaintiff argues that genuine issues of material fact exist as to whether probable cause existed to arrest and charge Plaintiff in light of the Complainants' contentious relationship with the Plaintiff and the history of false accusations against Plaintiff.  *Id.* at 9-12.

---

[3]    *See supra* note 2.

### 3.    *Defendants' Reply*

In response to Plaintiff's opposition, Defendants argue that their alleged failure to include a Rule 56.1 Statement of Undisputed Facts does not automatically warrant denial of their motion because Rule 56 states that "[f]ailure to submit such a statement ***may*** constitute grounds for denial of the motion," instead of shall.  *See* Weinstock Reply Decl. ¶ 4 (emphasis in original). According to Defendants, a Rule 56.1 Statement of Undisputed Facts is not necessary under these circumstances because the facts relied upon by Defendants are contained in documents exchanged during limited discovery in this action and, thus, the parties "are mutually aware of the facts at hand." *Id.* ¶ 5.  Defendants further argue that there are no genuine issues of material fact regarding the existence of probable cause because Plaintiff has yet to produce any evidence that her alibi is indeed true. *Id.* ¶ 6.  Moreover, Defendants assert that Plaintiff's attacks on her neighbor's credibility are unsupported by the record. *Id.* ¶ 8.  Defendants argue that the Complaint does not allege that Plaintiff's neighbor made any prior false accusations against Plaintiff but instead alleges a "tumultuous history, involving officers of the Lynbrook Police Department." *Id.*

### III.    STANDARD OF REVIEW

"Generally, if a defendant wishes to interpose a 12(b) motion, he must do so before filing an answer." *Zebrowski v. Denckla*, 630 F. Supp. 1307, 1308 n.1 (E.D.N.Y. 1986).  Defendants in this action had already filed their answer by the time they brought their motion to dismiss.  "A motion to dismiss for failure to state a claim ... that is styled as arising under Rule 12(b) but is filed after the close of pleadings[ ] should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).  Under Rule 12(c), "a party is entitled to judgment on

the pleadings only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." *Bailey v. Pataki*, No. 08-CV-8563, 2010 WL 234995, at *1 (S.D.N.Y. Jan. 19, 2010) (quotation marks and citations omitted) (alteration in original).  As "[t]he standard for granting a Rule 12(c) motion ... is identical to that of a Rule 12(b)(6) motion," the Court will consider Defendants' motion as one made under Rule 12(c) and apply the Rule 12(b)(6) standard.  *See Patel*, 259 F.3d at 126.

Under Rule 12(b)(6), a case should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Gould v. Lightstone Value Plus Real Estate Inv. Trust, Inc.*, 301 Fed. Appx. 97, 99 (2d Cir. 2008) (citation omitted).  The Court must liberally construe the claims set forth in the Complaint, accept all factual allegations in the Complaint as true, and draw all reasonable inferences in favor of the Plaintiff.  *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (holding that a complaint must set forth "a plausible set of facts sufficient 'to raise a right to relief above the speculative level'") (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of Plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in the Complaint, which allegations are accepted as true, to documents attached to the Complaint as exhibits or incorporated in the complaint by reference, to matters of which judicial notice may be taken, and to documents whose terms and effect are relied upon heavily in the complaint and, thus, are rendered "integral"

to the Complaint.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  To the extent "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[4]  FED. R. CIV. P. 12(d); *see, e.g.*, *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Wrap-N-Pack, Inc. v. Eisenberg*, No. 04-CV-4887, 2007 WL 952069, at *5 (E.D.N.Y. Mar. 29, 2007).

"The essential inquiry in determining whether it is appropriate to convert a motion [to dismiss] into a motion for summary judgment is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Ferguson v. Jones*, 10-CV-817, 2011 WL 4344434, at *2 (S.D.N.Y. Sept. 12, 2011) (alteration in original) (citing *Costor v. Sanders*, No. 07-CV-11311, 2009 WL 1834374, at *2 (S.D.N.Y. June 16, 2009)); *see also Hernández v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) ("Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings.") (quotations, brackets and citations omitted).  Where the movant has clearly stated that he moves in the alternative for summary judgment and where the non-movant responds to the motion by filing his own affidavit and specifically addressing the summary judgment argument in his

---

[4]     "The standards under Rules 12(b)(6) and Rule 12(c) concerning the court's consideration of matters outside the pleadings and conversion to summary judgment are essentially the same."  *See Martin v. Performance Trans. Inc.*, No. 17-CV-6471L, 2019 WL 95803, at *1 (W.D.N.Y. Jan. 3, 2019) (citing *Arroyo v. City of Buffalo*, No. 15-CV-753, 2017 WL 3085835, at *3 (W.D.N.Y. July 20, 2017)).

memorandum of law in opposition, the non-movant has sufficient notice that the court might

treat the motion as one for summary judgment.  *See, e.g.*, *Robert v. Dep't of Justice*, No. 99-CV-

3649, 2001 WL 34077473, at *1 n.2 (E.D.N.Y. March 22, 2001) (citing *Groden v. Random*

*House, Inc.*, 61 F.3d 1045, 1053 (2d Cir. 1995);  *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir.

1999); *G. & A. Books, Inc. v. Stern*, 770 F.2d 288, 295 (2d Cir. 1985)).

      Here, matters outside the pleadings have been presented to the Court for consideration in

resolving Defendants' Rule 12(c) motion and therefore the Court must determine whether

Defendants' motion for judgment on the pleadings should be converted to one for summary

judgment under Rule 56.  *See* FED. R. CIV. P. 12(d).  Where, as here, Defendants notified

Plaintiff that its motion was for summary judgment in the alternative to dismissal, and Plaintiff

herself requested that the motion be converted to one for summary judgment and addressed

Defendants' summary judgment arguments, the Court finds that formal notice of any conversion

would not be required because both parties "should reasonably have recognized the possibility

that the motion might be converted into one for summary judgment."  *See  Hernandez*, 582 F.3d

at 307 (quotations and citation omitted); *Glover v. Greenman*, No. 11-CV-9122, 2013 WL

1294698, at *4 (S.D.N.Y. Apr. 1, 2013) (When plaintiff's "submissions explicitly refer to

Defendants' motion for summary judgment … [i]t is thus fair to infer that [the parties] had not

only constructive, but actual, notice of the possibility that the Court would treat defendants'

motion as one for summary judgment."); *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., Div.*

*of/& Am. Home Prod. Corp.*, 850 F.2d 904, 911 (2d Cir. 1988) (finding non-movant was on

notice when, among other things, motion was styled as "motion to dismiss *or, in the alternative,*

*for summary judgment* ") (emphasis in original).  Plaintiff's failure to submit extrinsic material in

support of its opposition is also of no moment because Plaintiff plainly elected such a strategy

when she requested that the motion be converted to one for summary judgment but did nothing to proffer any evidence herself. *See G. & A. Books, Inc.*, 770 F.2d at 295 ("Even where only the party moving to dismiss has submitted extrinsic material such as depositions or affidavits, the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted.").

Notwithstanding some of these conversion principles, under the circumstances here, the Court does not recommend exercising discretion to convert Defendants' Rule 12(c) motion to one for summary judgment. It is well established that "[f]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." *Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005) (internal quotation omitted); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 573 (2d Cir. 2005) ("It is within the discretion of this Court to convert a motion filed under Fed. R. Civ. P. 12 (b)(6) into one seeking summary judgment when matters outside the pleadings have been presented and accepted by the Court, and where all parties have been given a reasonable opportunity to present materials pertinent to the motion's disposition.") (internal quotation marks omitted). "This discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Stephens v. Bayview Nursing & Rehab. Ctr.*, No. 07-CV-0596, 2008 WL 728896, at *4 (E.D.N.Y. Mar. 17, 2008) (quoting *Carione*, 368 F. Supp. 2d at 191). In conducting this inquiry, courts "look[ ] to the substance of the motion," as "[t]he element that triggers the conversion ... is a challenge to the sufficiency of the pleader's claim

12

supported by extra-pleading material." *Vested Bus. Brokers, Ltd. v. Cty. of Suffolk*, No. 16-CV-4945, 2017 WL 4122616, at \*3 (E.D.N.Y. Sept. 15, 2017), *aff'd,* 741 Fed. App'x 39 (2d Cir. 2018) (quoting *Ansonia Tenants' Coalition, Inc. v. Ansonia Assocs.,* 163 F.R.D. 468, 470 (S.D.N.Y. 1995) and *Nat'l Cement Co. v. Mead Corp.*, 80 F.R.D. 703, 704–05 (S.D.N.Y. 1978)).

Having reviewed the substance of Defendants' Rule 12(c) motion, the Court does not find that conversion of the motion would facilitate disposition of the action. Defendants' entire argument rests on whether probable cause existed to arrest and charge Plaintiff. *See generally* Defs.' Mem.; Weinstock Reply Decl. Based on the allegations set forth in the Complaint, any probable cause inquiry will involve consideration of: (1) the existence of the two Supporting Depositions identifying Plaintiff as the individual who damaged her neighbor's car; (2) the substance and extent of Defendants' knowledge about the contentious relationship and allegedly false accusations between Plaintiff and her neighbor; (3) the reasonableness of Defendants' reliance on the Supporting Depositions in light of this knowledge; and (4) Defendants' ability and efforts to confirm Plaintiff's alibi at the time of the arrest and charge. Comparing the allegations in the Complaint and the assertions in Defendants' motion, the parties plainly have differing accounts of the facts relevant to these inquiries.

In particular, the parties' dispute the substance and extent of Defendants' knowledge about the contentious relationship and purportedly false accusations between Plaintiff and her neighbor, as well as Defendants' ability and efforts to confirm Plaintiff's alibi at the time of the arrest and charge. *See* Defs.' Mem. at 3-4; Weinstock Reply Decl. at 3. Specifically, Defendants contend that they were not aware of any prior false accusation and were not provided with any information from Plaintiff to confirm her alibi. Defs.' Mem. at 4; Weinstock Reply Decl. at 3. Consequently, whether probable cause existed here predominantly raises questions of fact which

13

Defendants' motion and supporting documents fail to adequately address. *See Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) ("Where the question of whether an arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events, the existence *vel non* of probable cause is to be decided by the jury."); *Torraco v. Port Auth. of New York & New Jersey*, 539 F. Supp. 2d 632, 647 (E.D.N.Y. 2008) ("If the material facts are undisputed, the existence or non-existence of probable cause is a question of law, not of fact.").

Defendants submitted a number of extrinsic documents with the Declaration of Attorney Weinstock, consisting of the discovery demands propounded on Plaintiff, various transcripts of criminal court hearings related to Plaintiff's arrest, the parties' Initial Disclosures, and miscellaneous documents related to Plaintiff's arrest including, but not limited to, the Felony Complaint, Supporting Depositions, and Arrest Report.[5]  *See* Weinstock Decl., Exs. B-E.  Taken together, however, these documents do not sufficiently address whether probable cause existed

---

[5]      The Court points out that, despite submitting roughly 77 pages of exhibits to the Weinstock Declaration, Defendants' motion predominantly relies on the Felony Complaint and Supporting Depositions.  *See generally* Defs.' Mem.; Weinstock Reply Decl.  The Court may take judicial notice of such evidence and consider it without converting the motion to dismiss to one for summary judgment.  *See Jackson v. New York State*, 523 Fed. App'x 67, 68 (2d Cir. 2013) (summary order) ("Matters subject to judicial notice…are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment")*.*  Therefore, it is unclear why Defendants submitted the remainder of the documents which they did considering the fact that they either were not relied upon at all or were barely relied upon in the instant motion.

The Court does not favor a party's efforts to intentionally cause the conversion of a motion to dismiss to one for summary judgment to secure the benefit of an adjudication on the merits while circumventing the procedures required for such a motion.  If Defendants believe they are entitled to judgment as a matter of law based on material facts for which there are no genuine disputes, then they may properly make such a motion after discovery and after complying with Local Rule 56.1 -- and then can assert *all* materials facts *actually* supported by the materials in the record.  *See* FED. R. CIV. P. 56; Local Rule 56.1.

based on the "totality of the circumstances." *Bate v. City of New York,* No. 15-CV-2631, 2018 WL 4757940, at *15 (S.D.N.Y. Sept. 30, 2018) ("Probable cause is evaluated based on the 'totality of the circumstances,' and 'should encompass plainly exculpatory evidence alongside inculpatory evidence to ensure the court has a full sense of the evidence that led the officer to believe that there was probable cause to make an arrest.'") (quoting *Stansbury v. Wertman*, 721 F.3d 84, 93 (2d Cir. 2013)).

Defendants acknowledge that the existence and substance of the Supporting Depositions were not the only facts known to Defendants at the time of Plaintiff's arrest and charge. *See generally* Defs.' Mem.; Weinstock Reply Decl. At that time, Defendants also knew of Plaintiff's possible alibi and the contentious relationship between Plaintiff and her neighbor. *See* Defs.' Mem. at 9 ("[I]t must further be noted that [the arresting Officers] had experience with the plaintiff and [plaintiff's neighbor]. In addition, the arresting Officers handled complaints between plaintiff and [plaintiff's neighbor] prior to the December 16th crime."); *id.* at 7 (The Supporting Depositions "taken together with the fact that the plaintiff had no plausible alibi, warrants dismissal of the plaintiff's claims."). Notwithstanding this acknowledgment, Defendants failed to submit any extrinsic documents which address these facts, let alone establish that they are undisputed.[6] Therefore, the Court finds that the documentary evidence submitted in support of Defendants' motion is simply too scant and incomplete to enable a rational determination of a summary judgment motion. Consequently, the Court finds no basis to convert Defendants' motion to one for summary judgment. *See Blair v. L.I. Child & Family*

---

[6] While the "Undisputed Statement of Facts" contained in Defendants' Memorandum of Law assert certain facts regarding Defendants' efforts and ability to confirm Plaintiff's alibi, *see* Defs.' Mem. at 2-3, these facts are neither supported by the record or any affidavits or declarations from persons with personal knowledge of the facts, and thus cannot even be considered by the Court. *See supra* note 2.

*Dev. Servs., Inc.*, No. 16-CV-1591, 2017 WL 722112, at *8 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted,* No. 16-CV-1591, 2017 WL 728231 (E.D.N.Y. Feb. 21, 2017) (declining conversion where "the record before the Court even with the affidavit is devoid of evidence regarding large chunks of Plaintiff's claims"); *FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 334 (E.D.N.Y. 2009) (declining conversion where "there is nothing for the Court to consider, in terms of evidence from the defendants, if it were to convert the motion to dismiss into a summary judgment motion").

For these reasons, as well as the fact that there has been very limited discovery in this case thus far, the Court respectfully recommends to Judge Feuerstein that Defendants' Rule 12(c) motion not be converted to one for summary judgment.  *See id.*; *Stephens*, 2008 WL 728896, at *4 ("Here, in its broad discretion, and under the circumstances of this case, the Court finds that conversion to summary judgment is inappropriate and that further discovery in this case is necessary at this juncture."); *Wajilam Exps. (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275, 278 (S.D.N.Y. 2006) ("There would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered."); *see also Cassotto v. Potter*, 07-CV-0266, 2007 WL 2121239, at *1 (D. Conn. July 20, 2007) ("The court will not at this time convert the defendant's motion into one for summary judgment, and therefore denies the motion to dismiss without prejudice to raise these arguments on summary judgment."). Accordingly, the Court declines to consider any extrinsic documents submitted in support of Defendants' Rule 12(c) motion, as well as factual assertions in Defendants' motion papers not alleged in the Complaint, in determining this motion.  *See Blair*, 2017 WL 7221122, *8 (declining to consider extra-pleading materials and facts in motions papers not alleged in the complaint on a motion to dismiss after declining to convert the motion to one for summary

16

judgment); *see also Vested Bus. Brokers, Ltd. v. Cty. of Suffolk*, No. 16-CV-4945, 2017 WL 4122616, at *3 (E.D.N.Y. Sept. 15, 2017), *aff'd,* 741 Fed. App'x 39 (2d Cir. 2018) ("The Court declines to convert defendants' motion to dismiss to a motion for summary judgment. Accordingly, the [Court] ignores the [ ] Affidavits, as well as facts in the County Defendants' motion papers and Plaintiff's Opposition Papers not set forth in the Complaint, in determining this motion.").

To the extent that certain documents are relevant to the instant motion, the Court in its discretion takes judicial notice of the Felony Complaint, the Supporting Depositions, the Arrest Report, and the Certification of Dismissal. *See* Weinstock Decl., Exs. B, C, E; *Johnson v. City of New York*, No. 12-CV-4431, 2013 WL 6171937, at *1 n.3 (S.D.N.Y. Nov. 25, 2013) ("The Court may consider matters of which judicial notice may be taken under FED. R. EVID. 201, including public records such as arrest reports, indictments, and criminal disposition data."). The Court will consider these documents only for the fact that they exist and not for the truth of their contents. *See* FED. R. EVID. 201(b)(2); *see also Vasquez v. City of New York*, No. 99-CV-4606, 2000 WL 869492, at *1 n.1 (S.D.N.Y. June 29, 2000) (relying on public documents when considering motion to dismiss, but only for the fact that they exist).

## IV.   DISCUSSION

### A.   Section 1983

Plaintiff brings this action pursuant to  Section 1983, which sets forth a cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the

deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citation omitted); *see also Bailey v. City of New York*, 79 F. Supp. 3d 424, 440 (E.D.N.Y. 2015).  To state a claim under Section 1983, a plaintiff must plausibly allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)); *see also Flynn v. James*, 513 Fed. Appx. 37, 39 (2d Cir. 2013).  The parties here do not dispute that at the time of the incidents involved in this case, Defendant P.O. Leonard and Defendant Sgt. Skartsiaris were acting in their official capacity as police officers for the Lynnbrook Police Department and were therefore acting under color of state law.  Therefore, only the first element, *i.e.*, whether Defendants' conduct violated Plaintiff's constitutional rights, is at issue on this motion.

Plaintiff argues that Defendants, acting under color of law, deprived her of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including:  (1) the right to be free from false arrest; (2) the right to be free from malicious prosecution; and (3) the right to be free from malicious abuse of process.  *See generally* Compl.

### B.    Plaintiff's False Arrest, Malicious Prosecution, and Malicious Abuse of Process Claims

Defendants do not contest that the Complaint sufficiently alleges claims for false arrest, malicious prosecution, and malicious abuse of process, pursuant to Section 1983.  Instead, Defendants argue that the claims must be dismissed because probable cause existed to arrest and charge the Plaintiff.  *See generally* Defs.' Mem.; Weinstock Reply Decl.  Specifically, Defendants argue that the Supporting Depositions identifying Plaintiff as the individual who

18

damaged the car of one of the witnesses are sufficient to establish probable cause at the time of Plaintiff's arrest and charge.[7]  *See* Defs.' Mem. at 9-10; Weinstock Reply Decl. at 3-4.  Since Defendants do not contest the sufficiency of the Complaint and instead offer a defense that, if applicable, would warrant dismissal of Plaintiff's claims, the Court will focus its inquiry solely on whether Defendants had probable cause to arrest Plaintiff based on the allegations pled in the Complaint and the documents of which the Court takes judicial notice, namely, the Supporting Depositions.

Generally, the existence of probable cause may serve as a defense to a Section 1983 claim for false arrest, malicious prosecution, or malicious abuse of process.  *See Daniels v. New York City*, 117 F. Supp. 3d 239, 241 (E.D.N.Y. 2015) ("The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest....'") (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994)); *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 392 (S.D.N.Y. 2016) ("The existence of probable cause to commence a proceeding is a complete defense to a claim of malicious prosecution.") (citation omitted); *Sforza v. City of New York*, No. 07-CV-6122, 2009 WL 857496, at *17 (S.D.N.Y. Mar. 31, 2009) ("While a lack of probable cause is not explicitly an element of an abuse of process claim, the presence of probable cause negates a claim for abuse of process.").  *But cf. Ying Li v. City of New York*, 246 F. Supp. 3d 578, 618 (E.D.N.Y. 2017) (quoting *Goldring v. Zumo*, No. 14-CV-4861, 2015 WL 148451, at *5 (E.D.N.Y. Jan. 12, 2015)) ("The Second Circuit has long recognized that probable cause is

---

[7]     As noted, Defendants also contend that Plaintiff's inability to confirm her alibi by withholding her counsel's contact information also formed the basis of probable cause. However, as explained above, these facts were unsupported by any evidence proffered by Defendants and they contradicted the allegations set forth in the Complaint.  Consequently, the Court will not consider these unsupported "facts."  *See supra* note 6.

not a complete defense to malicious abuse of process.") (collecting cases).[8]  The probable cause

standard for each of the pled Section 1983 claims are essentially, but not exactly, the same;

therefore, the Court will only address the differences in the standards to the extent they impact

the Court's holding.  *See, e.g.*, *Nunez v. City of New York*, No. 14-CV-4182, 2016 WL 1322448,

at *5 (S.D.N.Y. Mar. 31, 2016), *aff'd*, 735 Fed. App'x 756 (2d Cir. 2018); *Gaston v. City of New

York*, 851 F. Supp. 2d 780, 793 (S.D.N.Y. 2012).  However, since Defendants suggest that the

same evidence establishing probable cause to arrest Plaintiff also establishes probable cause to

prosecute Plaintiff -- and the Court finds that no intervening facts between the time of arrest and

prosecution were sufficiently pleaded[9] -- a lack of probable cause to ***arrest*** Plaintiff based on a

single charge is sufficient to conclude a lack of probable cause to ***prosecute*** Plaintiff on that

same charge.[10]  *See Johnson v. City of Mount Vernon*, No. 10-CV-7006, 2012 WL 4466618, at

*5 (S.D.N.Y. Sept. 18, 2012) (holding that probable cause for an arrest does not dissipate at the

time of prosecution unless there is "some indication that the authorities became aware of

exculpatory evidence between the time of the arrest and the subsequent prosecution"); *Sherman

v. City of New York*, No. 18-CV-5359, 2019 WL 2164081, at *9 (E.D.N.Y. May 16, 2019)

(concluding plaintiff sufficiently alleged lack of probable cause for malicious prosecution claim

---

[8]     Defendants fail to address the split within this Circuit as to whether probable
cause is a complete defense to malicious abuse of process.  However, as discussed below, the
Court finds that Defendants have not demonstrated the existence of probable case as a matter of
law, and thus it need not address whether probable cause is a complete defense to a Section 1983
claim for malicious abuse of process.

[9]     *See supra* note 1.

[10]    Given that the standard for probable cause is higher for a malicious prosecution
claim, whether the converse is true is dependent on the circumstances.  *See Stansbury v.
Wertman*, 721 F.3d 84, 95 (2d Cir. 2013) (The standard for probable cause for malicious
prosecution is slightly higher than the probable cause standard for false arrest cases).

when "[t]he same probable cause defects that existed at the time of plaintiff's arrest remained at

the time that he was first charged with a crime."); *Ying Liv.*, 246 F. Supp. 3d  at 618 (denying

motion to dismiss malicious abuse of process claim where the absence of probable cause to

prosecute plaintiff was found for plaintiff's malicious prosecution claim); *Mhina v. Colavita*, No.

15-CV-0327, 2020 WL 224743, at *3 (N.D.N.Y. Jan. 15, 2020) (noting that because plaintiff

"does not allege that there was any difference in the facts known to [defendants] between arrest

and arraignment," the court need "analyze only the existence of probable cause at the time of

[plaintiff's] arrest[ ]" and not also at the time of prosecution).

"In general, probable cause to arrest exists when the officers have knowledge ... of facts

and circumstances that are sufficient to warrant a person of reasonable caution in the belief that

the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d

845, 852 (2d Cir. 1996). Courts must determine "whether the facts known by the arresting

officer at the time of the arrest objectively provided probable cause to arrest." *Gonzalez v. City

of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013). Where, as here, "an arrest is not made

pursuant to a judicial warrant," a defendant "bears the burden of proving probable cause as an

affirmative defense." *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010). "The question

of whether or not probable cause existed may be determinable as a matter of law if there is no

dispute as to the pertinent events and the knowledge of the officers." *Weyant,* 101 F.3d at 852.

In contrast, "[w]here the question of whether an arresting officer had probable cause is

predominantly factual in nature ... the existence ... of probable cause is to be decided by the

jury." *Murphy,*118 F.3d at 947.

"An arresting officer advised of a crime by a person who claims to be the victim ... has

probable cause to effect an arrest *absent circumstances that raise doubts as to the victim's*

veracity." *Miller v. City of New York,* 700 F. App'x 57, 58 (2d Cir. 2017) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)) (emphasis added); *see also Jean v. City of New York*, No. 09-CV-0801, 2011 WL 4529634, at *4 (E.D.N.Y. Sept. 28, 2011) ("Unless there are circumstances that raise doubt as to the victim's veracity, a victim's report of a crime is generally enough, by itself, to establish probable cause.") (quotations and citation omitted). "The most common situation in which such doubts arise is when there exists a prior [bitter] relationship between the victim and the accused that gives rise to a motive for a false accusation." *Powar v. City of New York,* No. 14-CV-4053, 2016 WL 8711092, at *8 (E.D.N.Y. Sept. 30, 2016) (citing *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998)).

Where there are circumstances which give rise to doubts as to the victim's veracity, "'the officer may need to investigate further.'" *Hart v. City of New York*, No. 11-CV-4678, 2013 WL 6139648, at *5 (S.D.N.Y. Nov. 18, 2013) (quoting *Sankar v. City of New York*, 867 F. Supp. 2d 297, 306 (E.D.N.Y. 2012)). "[T]he failure to make a further inquiry when a reasonable person would have done so may be evidence of a lack of probable cause." *Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010) (citation omitted); *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 571 (2d Cir. 1996) (citation omitted); *see also Sherman*, 2019 WL 2164081, at *8 ("[I]f the officer becomes aware of circumstances that raise doubts as to the victim's veracity, the officer's failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause") (internal quotations and citation omitted.). However, an officer is not obligated to investigate all defenses that may be raised by the arrestee, nor must the officer "have proof of each element of a crime" before an arrest can be made. *Valade v. City of New York*, 949 F. Supp. 2d 519, 526 (S.D.N.Y. 2013); *see also Rivera v. City of New York*, No. 16519/07, 2011 WL 4537020, at *4 (N.Y. Sup. Ct. Oct. 3, 2011).

Taking the facts alleged in the Complaint as true, and considering the existence of the Supporting Depositions, the Court finds that Plaintiff has stated circumstances which raise some doubt as to the Complainants' veracity as well as the Defendants' lack of action to investigate or corroborate the allegations or confirm Plaintiff's alibi. The Complaint alleges, and the Felony Complaint and Supporting Depositions confirm, that the arresting officers based their decision to arrest Plaintiff on the accounts of two Complainants -- Plaintiff's neighbor and the daughter of Plaintiff's neighbor. *See* Compl. ¶¶ 19, 21; Weinstock Decl., Ex. C. Only the neighbor's daughter claimed to have witnessed Plaintiff commit the alleged crime. *See* Weinstock Decl., Ex. C. The Complaint further asserts, and the Felony Complaint does not contradict, that the arresting officers did not conduct any investigation to confirm that a crime had been committed, but instead relied exclusively on the Supporting Depositions of the Complainants when drafting the Felony Complaint.[11] *See* Compl. ¶¶ 19, 21; Weinstock Decl., Ex. C.

The pleading goes on to state that Plaintiff and her neighbor have had a long history of disputes. Compl. ¶ 19-20. Indeed, on several occasions, officers from the Lynbrook Police Department responded to the apartment building where the two women reside to mediate their disputes. *Id.* Plaintiff's neighbor previously lodged a false complaint against Plaintiff with the Lynbrook Police Department in an attempt to get Plaintiff evicted from their apartment building. *Id.* ¶ 20. Based on the Complaint and Defendants' moving papers, it is not disputed that the arresting officers were aware of the contentious relationship between Plaintiff and Plaintiff's

---

[11]    Defendants included photos of the Complainants' damaged vehicle to their Initial Disclosures and thus their motion. However, no information was provided regarding those photos and it remains unclear based on the record if and when those photos were reviewed by the arresting officers. Further, since the Felony Complaint does not make any reference to those photos, the Court concludes that they are not a part of the Felony Complaint of which the Court has taken judicial notice.

23

neighbor at the time of Plaintiff's arrest, although their knowledge regarding the full substance and extent of the prior false accusation appears to be in dispute. *Id.* ¶¶ 19-20, 28; *see also* Defs.' Mem. at 2-3; Weinstock Reply Decl at 3.

According to Plaintiffs, upon learning the basis for her arrest, Plaintiff advised the arresting officers that she was in court during the time that the Complainant allegedly saw Plaintiff damage the vehicle. She urged Defendants to confirm this by either reviewing the docket of the case for which she was in court or by calling Plaintiff's lawyer. *Id.* ¶¶ 21-22. Defendants purportedly responded that "they did not care whether [Plaintiff] had an alibi or whether she was innocent, because they were tired of her using the police to hash out her disagreements with her neighbor." *Id.* ¶ 23. Plaintiff offered to give Defendants her attorney's number to confirm her alibi but they did not do so prior to arresting and charging her. *Id.* ¶¶ 21-23.

The Court finds that the Complaint sufficiently alleges circumstances that give rise to doubts as to the Complainants' veracity and which would have led a reasonable person to have made a further inquiry. The Complaint alleges a contentious relationship among neighbors involving several instances of police intervention and, allegedly, a false accusation raised against Plaintiff to have her evicted. *See Sankar*, 867 F. Supp. 2d at 305-06 ("[W]here … a bitter prior relationship exists and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further."). This is the very type of "bitter relationship" which would cause a reasonable officer to doubt the accusations made by the Complainants. *See Hart*, 2013 WL 6139648, at *5 (finding history of ongoing disputes and police complaints among neighbors suggested "prior bitter relationship" that required further investigation beyond victim complaints); *see also Sankar*, 867 F. Supp. 2d

24

at 305-06 (finding contentious relationship between plaintiff and her tenant who was being evicted at the time raised doubts as to the veracity of tenant's accusation that required further investigation); *see also Morris v. City of New York*, No. 14-CV-1749, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (finding ongoing disputes between plaintiff and victim involving prior accusations and complaints to the police made victim "an unreliable []informant whose statement, under the circumstances, could not form the sole basis for an arrest"); *see also Sherman*, 2019 WL 2164081, at *8 (finding that arresting officers "should have questioned [victim's] credibility and intentions" given plaintiff and victim's prior relationship involving a dispute over a purported loan).

Notwithstanding the doubts to the Complainants' veracity, the arresting officers did nothing to further investigate the accusation. Indeed, the arresting officers were presented with a possible alibi that which have easily been confirmed had they reached out to Plaintiff's counsel. Instead, the arresting officers relied exclusively on the Complainants' accusation in the Supporting Depositions and undertook no further investigation. *See Wu v. City of New York*, 934 F. Supp. 581, 588 (S.D.N.Y. 1996) (holding that the police officers lacked probable cause to arrest when they disregarded the "credible [and] coherent" explanation of plaintiff, while "focus[ing] their attention almost exclusively" on the complainant's version of events); *see also Sherman*, 2019 WL 2164081, at *8 ("Given plaintiff's clear and persuasive explanation of innocence, the officers should have questioned [victim's] credibility and intentions and agreed to review plaintiff's [exculpatory evidence].").

Moreover, the Court finds misplaced Defendants' attempt to analogize the circumstances here to those detailed in *Dawson v. Snow*, 356 Fed. App'x 526, 528 (2d Cir. 2009). In *Dawson,* the Second Circuit affirmed a district court's decision to grant summary judgment to defendants

on a false arrest claim because probable cause existed.  *See id.*  The crime suspected in *Dawson* was the theft of a ladder, and the officers based their decision to arrest on the accounts of two eyewitnesses to the crime.  *Id.*  In holding that the information provided by the eye witnesses sufficiently formed the basis for probable cause, the Second Circuit in *Dawson* found that the arresting officer "had no reason to doubt [the witnesses'] veracity because they were both identified eye witnesses with no apparent motive to falsify."  *Id.*  Defendants conspicuously omit any reference to this finding and argue that the circumstances here are analogous to those in *Dawson* which compel a finding of probable cause.

Unlike *Dawson,* the circumstances here do cast doubt as to the Complainants' veracity and thus to the Supporting Depositions.  Therefore, Defendants' reliance on the Supporting Depositions as the sole basis for probable cause is insufficient to meet their burden to demonstrate probable cause and does not overcome the inferences that are drawn from the allegations in the Complaint.  *See also Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998) ("[O]fficers are not absolutely privileged to arrest upon a charge by any private individual who claims to be a victim [because] [s]ome people have axes to grind."); *see also Morris*, 2015 WL 1914906, at \*5 (finding ongoing disputes between plaintiff and victim involving prior accusations and complaints to the police made victim "an unreliable []informant whose statement, under the circumstances, could not form the sole basis for an arrest."); *see also Sital v. City of New York*, 60 A.D.3d 465, 466 (N.Y. App. Div. 1st Dep't 2009) ("[A] rational jury could have found that there was no probable cause for plaintiff's arrest because the accusation from [a witness], which was the sole basis for the arrest, was not sufficiently reliable, given that the investigating officer had doubts about the witness's credibility.").

Accordingly, at this stage of the litigation, drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff sufficiently alleges circumstances raising doubts as to the Complainants' veracity, thereby defeating the existence of probable cause based on the Complainants' accusations. *See Fabrikant v. French*, 691 F.3d 193, 216 (2d Cir. 2012) (Probable cause does not exist where "the circumstances raise doubt as to the person's veracity."). For the foregoing reasons, the Court respectfully recommends that Defendants' motion to dismiss Plaintiff's Section 1983 claims for false arrest, malicious prosecution, and malicious abuse of process based on the existence of probable cause be DENIED. *See Bullard v. City of New York*, No. 01-CV-11613, 2003 WL 168444, at *4-5 (S.D.N.Y. Jan. 20, 2003) (denying a motion to dismiss where the facts alleged by the plaintiff in his complaint established that the victim was not a reliable source of probable cause, and yet "the defendants did nothing to investigate the allegations, corroborate them, or pursue [the plaintiff's] claims that he was innocent."); *see also Sherman*, 2019 WL 2164081, at *8-9 (denying motion to dismiss where plaintiff sufficiently alleged that the "circumstances that raise doubts as to the [person's] veracity."); *Caidor v. M & T Bank*, No. 05-CV-0297, 2006 WL 839547, at *5 (N.D.N.Y. Mar. 27, 2006) (denying motion to dismiss false arrest claim where plaintiff's pleading did not demonstrate the existence of probable cause).

### C.    Qualified Immunity

Defendants argue in the alternative that even in the absence of probable cause, they are entitled to qualified immunity because the arrest was supported by "arguable probable cause." *See* Defs.' Mem. at 9. "[Q]ualified immunity 'shields government officials performing discretionary functions from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Shabazz v.*

*Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988) (quoting *Walsh v. Franco*, 849 F.2d 66, 68 (2d Cir. 1988)).  When a defendant asserts qualified immunity, "a court must consider two questions: (1) whether the evidence, viewed in the light most favorable to the plaintiff, makes out a violation of a statutory or constitutional right, and (2) whether that right was clearly established at the time of the alleged violation."  *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).

Qualified immunity exists for the alleged false arrest "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 416 (2d Cir. 1999) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991)).  This standard has been referred to as "arguable probable cause." *Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001).

The qualified immunity defense is generally raised prematurely on a motion to dismiss.  *See, e.g.*, *Allen v. City of New York*, No. 03-CV-1668, 2006 WL 8435136, at *1 (E.D.N.Y. Mar. 6, 2006)*; Walker v. Mendoza*, No. 00-CV-0093, 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000).  At the motion to dismiss stage, the qualified immunity defense may only be established if it is "based on facts appearing on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).  Reviewing the facts alleged in the Complaint and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Defendants' qualified immunity argument fails for the same reasons as its probable cause argument.  *See Jurkowitsch v. City of New York*, 14-CV-6810, 2015 WL 8489964, at *6 (E.D.N.Y. Dec. 9, 2015) (rejecting qualified immunity arguments where court could not determine whether probable cause existed at motion to dismiss stage); *see also Folk v. City of New York*, 243 F. Supp. 3d 363, 373 (E.D.N.Y. 2017) (same); *see also Murphy v. Gibbons*, No. 13-CV-1433, 2014 WL 4828126, at

*7 (N.D.N.Y. Sept. 29, 2014) ("[P]robable cause has not been established [for plaintiff's false arrest and malicious abuse of process claims], and, for the same reasons it is not apparent on the record properly before the court, arguable probable cause is not shown either.").

As noted, there were reasons to doubt the Complainants' veracity in this situation, and, as a consequence, the validity of the Supporting Depositions.  Therefore, it may not have been "objectively reasonable" for Defendants to believe probable cause existed solely from the Supporting Depositions without having conducted a further investigation.  Under these circumstances, absent reliable Supporting Depositions, no "officers of reasonable competence could disagree" that the arresting officers did not have probable cause to arrest and charge Plaintiff.  Accordingly, the Court respectfully recommends that Defendants' motion to dismiss Plaintiff's Section 1983 claims based on the defense of qualified immunity be DENIED at this time.  *See, e.g.*, *Morris,* 2015 WL 1914906, at *5 (rejecting qualified immunity defense on a motion to dismiss where the circumstances alleged raised doubts as to the veracity of witness' statement which formed the basis for the arrest and charge); *Sherman*, 2019 WL 2164081, at *9 (same); *Nunez v. City of New York*, No. 14-CV-4182, 2016 WL 1322448, at *5 (S.D.N.Y. Mar. 31, 2016), *aff'd*, 735 Fed. App'x 756 (2d Cir. 2018) (same); *Jovanovic v. City of New York*, No. 04-CV-8437, 2006 WL 2411541, at *8 (S.D.N.Y. Aug. 17, 2006), *on reconsideration in part*, No. 04-CV-8437, 2008 WL 355515 (S.D.N.Y. Feb. 7, 2008) (same); *Bullard*, 2003 WL 168444, at *4 (same).

Accordingly, the Court finds that at this stage of the litigation, the defense of qualified immunity does not warrant dismissal of Plaintiff's Section 1983 claims.  The Court therefore respectfully recommends to Judge Feuerstein that Defendants' motion to dismiss based on qualified immunity be DENIED.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends to Judge Feuerstein that Defendants' motion to dismiss the Complaint be DENIED.

V.    <u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. **<u>A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Sandra J. Feuerstein. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the 14-day period for filing objections</u>**. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


**SO ORDERED.**


Dated: Central Islip, New York
       March 3, 2020                            /s/ A. Kathleen Tomlinson
                                                A. KATHLEEN TOMLINSON
                                                United States Magistrate Judge