UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANDREA ALLEN,

                   Plaintiff,

   -against-

POLICE OFFICER ROBERT T. LEONARD,
SERGEANT CHRISTOPHER SKARTSIARIS,
and UNKNOWN JOHN DOE POLICE OFFICERS,

                   Defendants.
---------------------------------------------------------------X

FILED
CLERK
5/19/2020 2:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
18-CV-7163(SJF)(AKT)

FEUERSTEIN, District Judge:

    Pending before the Court are the objections of defendants Police Officer Robert T. Leonard, Sergeant Christopher Skartsiaris and "Unknown John Doe Police Officers" (collectively, "defendants") to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated March 3, 2020 ("the Report"), recommending that this Court deny their motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Report is accepted in its entirety.

I.    Discussion

    A.    Standard of Review

    Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are

1

interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.     Defendants' Objections

Defendants contend, *inter alia*, that Magistrate Judge Tomlinson erred in denying the branch of their motion seeking to convert it from a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; and failing to consider any extrinsic evidence submitted in support of their motion or to "take judicial notice of the transcript submitted in support of the defendants' motion." (Def. Obj., ¶ 11). According to defendants, since this Court directed that the parties exchange limited discovery, including initial disclosures and evidence regarding plaintiff's alibi, during the initial pretrial conference, and then subsequently set a briefing schedule for defendants' motion to dismiss[1], plaintiff's failure "to provide documentary evidence confirming her alibi . . . should lead this Court to conclude that (1) such evidence does not exist, (2) the plaintiff did not have an alibi and therefore, (3) the officers had probable cause to arrest her." (*Id.*, ¶ 12).

Upon consideration of defendants' objections, and *de novo* review of the findings and conclusions in the Report to which defendants specifically object, as well as all motion papers and the entire record, defendants' objections are overruled and those branches of the Report are accepted in their entirety.

---

[1] During the status conference before the undersigned on May 16, 2019, at which the briefing schedule for defendants' motion to dismiss was set, the parties were advised that defendants' motion to dismiss would be referred to Magistrate Judge Tomlinson for a report and recommendation. That is the only "intention" regarding defendants' motion to dismiss, (*see* Def. Obj., ¶ 12), that this Court had at that time. Contrary to defendants' implication, this Court does not predetermine or prejudge the merits of any dispositive motion before it is fully briefed and considered by the Court.

    C.    Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Tomlinson to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, defendants' motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure is denied.

II.    Conclusion

For the reasons set forth above, defendants' objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure is denied in its entirety. This matter is respectfully referred to Magistrate Judge Tomlinson for discovery and all pretrial matters. All discovery shall be completed by **November 19, 2020**. The status conference scheduled to be held before the undersigned on September 29, 2020 is adjourned **to December 14, 2020 at 11:15 a.m.** in Courtroom 1010 at the Central Islip Courthouse.

SO ORDERED.

                                                    /s/ *Sandra J. Feuerstein*
                                                     Sandra J. Feuerstein
                                                     United States District Judge

Dated: May 19, 2020
        Central Islip, New York