UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREA ALLEN,

                          Plaintiff,

    -against-

POLICE OFFICER ROBERT T. LEONARD,
SERGEANT CHRISTOPHER SKARTSIARIS,
and UKNOWN JOHN DOE POLICE OFFICERS,

                         Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 18-7163 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      This civil rights litigation, brought pursuant to 42 U.S.C. § 1983, has been referred to this Court for a Report and Recommendation on Defendants' motion for summary judgment. Defendants seek to dismiss the claims asserted against Police Officer Robert T. Leonard ("P.O. Leonard") and Police Sergeant Christopher Skartsiaris ("Sgt. Skartsiaris") (collectively, "Defendants") for false arrest, malicious prosecution and malicious abuse of process in connection with Plaintiff's arrest on December 17, 2021. *See* March 15, 2021 Electronic Order. For the reasons which follow, namely, the Defendants' failure to strictly comply with Local Rule 56.1 of the Local Rules for the United State District Courts for the Eastern and Southern Districts of New York ("Local Rule 56.1"), the Court respectfully recommends to Judge Azrack that the Defendants' motion be DENIED.

**II.    BACKGROUND**

      The facts of this case have previously been set forth in this Court's Report and Recommendation on the Defendants' motion to dismiss the Complaint, familiarity with which is presumed. *See generally* March 3, 2020 Report & Recommendation [DE 23]. Those facts will

not be repeated here except to the extent necessary to adjudicate the instant motion. The Court recommended to Judge Feuerstein at that time that the motion to dismiss be denied. *Id*.

On December 16, 2018, Plaintiff Andrea Allen ("Plaintiff") commenced this action against the Defendants, pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution for false arrest, malicious prosecution, and malicious abuse of process arising from her arrest on December 17, 2016 by the Defendants. *See generally* Complaint ("Compl.") [DE 1]. In their prior motion of July 25, 2019, the Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) and/or 12(c), arguing that the Defendants had probable cause to arrest the Plaintiff. *See* DE 18-20. Alternatively, the Defendants sought to convert the motion to one for summary judgment, pursuant to Rule 56. *Id*.

In recommending to Judge Feuerstein who was then assigned to this case that the motion to dismiss be denied, this Court determined that although the Defendants presented matters outside the pleadings for the Court's consideration, the Court would not exercise its discretion to consider those matters and convert the motion to one for summary judgment. *Id*. at 12. The Court reasoned that the existence of probable cause, under these circumstances, raised several questions of fact which were neither adequately addressed nor supported by the record presented. *Id*. at 12-13. Pointing out the seemingly arbitrary inclusion of a large portion of the matters presented outside the pleadings, the Court cautioned as follows:

> The Court does not favor a party's efforts to intentionally cause the conversion of a motion to dismiss to one for summary judgment to secure the benefit of an adjudication on the merits while circumventing the procedures required for such a motion. If Defendants believe they are entitled to judgment as a matter of law based on material facts for which there are no genuine disputes, then they may properly make such a motion after discovery and after complying with Local Rule 56.1 -- and then can assert *all* materials facts *actually* supported by the materials in the record. *See* Fed. R. Civ. P. 56; Local Rule 56.1.

*Id*. at 14, n.5 (emphasis in original).  On May 19, 2020, Judge Feuerstein adopted this Court's March 3, 2020 Report & Recommendation in its entirety.  *See* DE 25.

Discovery was completed on November 19, 2021.  *Id*.  On September 8, 2021, a briefing schedule for the Defendants' summary judgment motion was established [DE 42], which was thereafter extended on March 2, 2021.  *See* March 2, 2021 Electronic Order.  Defendants moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule" or "Fed. R. Civ. P."), on March 12, 2021.  *See* Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem.") [DE 47-2]; Defendants' Reply Memorandum of Law in Further Support of Motion for Summary Judgment ("Defs.' Reply") [DE 49].  In support of the motion, the Defendants submitted a Memorandum of Law and Reply Memorandum [DE 47-2; DE 49], a Rule 56.1(a) Statement of Material Facts [DE 47-3], and the Declaration and Reply Declaration of Gregg D. Weinstock, Esq. [DE 47-1; DE 49-1], with supporting exhibits.

Plaintiff opposes the motion, arguing primarily that genuine issues of material fact exist as to whether probable cause justified Plaintiff's arrest.  *See* Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl.'s Opp'n") [DE 48-8].  In opposing the motion, Plaintiff submitted a Memorandum of Law in Opposition [DE 48], a Rule 56.1(b) Response to Defendants' Statement of Material Facts [DE 48-2 at 1-3], a Rule 56.1(b) Statement of Additional Material Facts [DE 48-2 at 4-15], and the Declaration of Jennifer Bonjean, Esq. [DE 48-1],[1] with supporting exhibits.

---

[1] Neither party's attorney declarations authenticate the exhibits attached to the declarations.  The Court, however, "has the discretion to consider unauthenticated ... evidence where it is apparent that the party may be able to authenticate ... those documents at trial." *Bhd. Mut. Ins. Co. v. Ludwigsen*, No. 16-CV-6369, 2018 WL 4211319, at *5 n.6 (S.D.N.Y. Sept. 4, 2018) (citations omitted).

3

**III.    DISCUSSION**

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the "difficult" burden of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). In deciding the motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004).

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F.Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Jeffreys*, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters

4

for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted).

Local Rule 56.1(a) provides:

Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

L. Civ. R. 56.1(a). Subsection (b) provides:

The papers opposing such a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts to which it is contended that there exist genuine issues to be tried.

L. Civ. R. 56.1(b).

The purpose of the rule is to "aid courts in deciding summary judgment motions quickly," and "the requirement is strict" -- failure to comply may result in denial of the motion. *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009); *Davis v. Town of Hempstead*, No. 14-CV-903, 2019 WL 235644, at *2 (E.D.N.Y. Jan. 16, 2019); *see also Bristol v. Schenk*, No. 14-CV-6647, 2017 WL 9485715, at *5 (E.D.N.Y. Jul. 31, 2017) (recommending denial of summary judgment motion due to failure to comply with Local Civil Rule 56.1); *KBM World Wide, Inc. v. Hangover Joe's Holding Corp.*, No. 15-CV-7254, 2017 WL 685606, at *2 (E.D.N.Y. Feb. 21, 2017) ("The failure to file a Rule 56.1 Statement, is, on its own, grounds for denial of a motion for summary judgment."); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F.Supp. 2d 285, 304-05 (S.D.N.Y. 2006) (denying summary judgment where movant failed to submit Rule 56.1 statement); *Antwi v. Health & Human Sys. (Centers) F.E.G.S.*, No. 13-CV-835, 2014 WL 4548619 at *4-5 (S.D.N.Y. Sept. 15, 2014) (denying summary judgment motion for

5

failure to comply with Local Civil Rule 56.1).  "[I]t is not the role of the Court to search the summary judgment record for evidence supporting a party's motion or opposition thereto." *Knight v. Nassau Cty.*, No. 17-CV-0958, 2019 WL 3817392, at *4 (E.D.N.Y. Aug. 14, 2019) (citing *N.Y.S. Teamsters Conf. Pension & Ret. Fund. v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (recognizing authority of district courts to institute local rules governing summary judgment submissions, which permits courts "to efficiently decide" such motions "by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties'")).  The movant's submission of a Rule 56.1 Statement is meant "to streamline the [court's] consideration of summary judgment motions." *Chiarelli v. Nissan N. Am., Inc.*, No. 14-CV-4327, 2017 WL 2982974, at *1 (E.D.N.Y. July 12, 2017) (citing *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001)).  As such, "[w]hile the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out." *Id*. (citing *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 292 (2d Cir. 2000)).

Applying these standards, the Court finds that the Defendants' efforts here fall short of what is needed to prevail on a motion for summary judgment.  Although the Defendants filed a Rule 56.1 Statement of Undisputed Facts, the document is limited to ***nine*** statements of material facts and fails to include numerous additional facts which are material to the question of probable cause.  Instead, in their Memorandum of Law, the Defendants provide a ***14-page*** "Statement of Facts" -- only some of which have citations to the record -- which follow a recitation of mainly irrelevant procedural history.  Many of these asserted facts relate to pertinent events and to what knowledge the officers had before the Plaintiff's arrest and prosecution -- factors which are relied upon by the Defendants in support of their legal arguments.  However,

these facts were entirely omitted from the Defendants' Rule 56.1 Statement. Based on this omission, the Plaintiff was precluded from any opportunity to provide the Court with responses drawn from the record in the case. It is not the Court's responsibility to scour the record to confirm whether the Defendants' 14-page "Statement of Facts" are undisputed, something Local Rule 56.1 statements would address.[2] Simply put, "[a] memorandum of law is not a proper vehicle through which to present facts to the Court." *Hooper v. Berryhill*, No. 15-CV-6646, 2017 WL 927843, *1 n.3 (S.D.N.Y. Mar. 8, 2017); *see also Knight*, 2019 WL 3817392, at *5 ("To the extent the County attempted to rectify its Local Rule 56.1(a) shortcoming by incorporating facts into its Reply memorandum, that attempt is unavailing") (citations omitted).

This is not the first time the Defendants have run into an issue concerning the requirements of Local Rule 56.1. In the March 3, 2020 Report & Recommendation, the Defendants were cautioned that any motion under Rule 56 must comply with the Local Rules and must "assert *all* material facts *actually* support[ed] by the materials in the record." *See* March 3, 2020 Report & Recommendation at 14, n.5. As currently constituted, the Defendants' Rule 56.1 Statement does not comply with the requirements of Local Rule 56.1(a) and, consequently, does not assist the Court in resolving the motion. *See Ramsay-Nobles v. Keyser*, No. 16-CV-5778, 2019 WL 4383187, at *3 (S.D.N.Y. Aug. 21, 2019) "(In short, this Rule 56.1 Statement is utterly insufficient and of absolutely no help to the Court in framing and analyzing the issues that must be discussed in order to dispose of this motion. Submission of such a defective statement is, as far as this Court is concerned, malpractice *per se.* It is also grounds for denying the Officer Defendants' motion without more."). The Defendants' submission on this

---

[2] To the extent the Defendants may argue that the facts provided within their "Statement of Facts" are not relevant and material to the motion, that should have been sufficient reason not to present them for the Court's consideration in the first instance.

factor alone is enough to warrant denial of the Defendants' motion. *See Napoleon v. 5665 Sunrise Hwy Corp.*, No. 18-CV-5703, 2020 WL 6385309, at *3 (E.D.N.Y. July 30, 2020), *report and recommendation adopted*, 2020 WL 5757534 (E.D.N.Y. Sept. 28, 2020) (denying without prejudice cross-motions for summary judgment where the parties did not file Rule 56.1 statements but included material facts in their memoranda of law); *Jarry v. Nat'l Collegiate Student Loan Tr. 2005-3*, No. 18-CV-0315, 2019 WL 1517106, at *1 (E.D.N.Y. Feb. 6, 2019), *report and recommendation adopted*, 2019 WL 1517096 (E.D.N.Y. Feb. 26, 2019) (denying without prejudice the moving party's motion for summary judgment noting that "while Defendants did provide a statement of facts in their Memorandum of Law in Support of Motion For Summary Judgment … the Moving Defendants' failure to comply with Local Rule 56.1 has led to Plaintiff's failure to provide the Court with a counter statement as required by the rule").

      Moreover, presumably, in part due to the Defendants' deficient Rule 56.1 Statement, the Plaintiff submitted her own Rule 56.1(b) Statement of Additional Material Facts. Ironically, the Defendants did not respond to these additional facts. Although neither Rule 56 nor Local Rule 56.1 specifically addresses what obligations a moving party has to respond to a non-moving party's assertion of additional disputed or undisputed material facts, the common expectation is for the moving party to provide a response to those additional material facts. *See LaBarbera v. NYU Winthrop Hosp.,* No. 18-CV-6737, 2021 WL 980873, at *1 (E.D.N.Y. Mar. 16, 2021) (drawing undisputed material facts on summary judgment from the moving party's Rule 56.1(a) statement, the non-moving party's Rule 56.1(b) counterstatement, *and the moving-party's reply to the non-moving party's Rule 56.1(b) counterstatement*); *Ruiz v. Bay Shore - Brightwaters Rescue Ambulance, Inc.*, No. 18-CV-0280, 2021 WL 1210315, at *1 (E.D.N.Y. Mar. 31, 2021) (same); *Hurley v. Town of Southampton*, No. 17-CV-5543, 2021 WL 966295, at *1 (E.D.N.Y.

Feb. 10, 2021) (same). Where the non-moving party fails to respond to the moving party's statements of material facts those facts may be deemed to be admitted for purposes of the motion. *See* Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Genova v. Cty. of Nassau*, No. 17-CV-4959, 2019 WL 8407451, at *1 (E.D.N.Y. Dec. 26, 2019), *report and recommendation adopted*, No. 17-CV-4959, 2020 WL 813160 (E.D.N.Y. Feb. 19, 2020) ("Because Plaintiff has failed to comply with Rule 56.1, the relevant facts, as set forth below, are deemed admitted by Plaintiff and are therefore taken solely from Defendants' Rule 56.1 Statement."); *Luizzi v. Pro Transport Inc.*, No. 02-CV-5388, 2009 WL 252076, at * 2 (E.D.N.Y. Feb. 2, 2009) ("Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts."). Therefore, where, as here, the moving-party does not respond to the non-moving party's statement of additional material facts, it stands to reason that the Court may similarly deem those additional facts admitted. *See GEICO Marine Ins. Co. v. Mandel*, No. 19-CV-3107, 2020 WL 6318948, at *2 (E.D.N.Y. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5939186 (E.D.N.Y. Oct. 7, 2020) ("As it relates to [the moving party's] failure to respond to [to the non-moving party's statement of] additional facts, the argument can be made that these facts should be deemed admitted by [the moving party]."); *Monzano-Moreno v Libqual Fence Co., Inc.*, No. 18-CV-0161, 2021 WL 730663, at *2 (E.D.N.Y. Feb. 5, 2021), *report and recommendation*

9

*adopted sub nom. Monzano-Moreno v Fence*, 2021 WL 688295 (E.D.N.Y. Feb. 23, 2021) (same). Doing so is particularly compelling here given how lacking the Defendants' statement of material facts are. Deeming the Plaintiff's additional material facts as admitted would itself arguably warrant the denial of the Defendant's motion.

Nonetheless, the Court is left without the benefit of proper Local Rule 56.1 statements. The question of probable cause in these specific circumstances is a fact-intensive inquiry from which the Court can only conclude that there are "genuine issues to be tried" here. Generally, a "factually intensive" matter that "does not lend itself to making assertions of material 'undisputed facts'" should not be eligible for a grant of summary judgment. *Davis v. Town of Hempstead*, No. 14-CV-903, 2019 WL 235644, at *3 (E.D.N.Y. Jan. 16, 2019) (citation omitted). Summary judgment in this context is therefore not appropriate.

### IV. CONCLUSION

This Court respectfully recommends to Judge Azrack that the Defendants' motion for summary judgment be DENIED.

### V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from entry of this Report and Recommendation on ECF to file written objections. *See* Fed. R. Civ. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. Any objections by a *pro se* party shall be filed with the Clerk of the Court by overnight mail or regular mail. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joan M. Azrack. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file

objections will result in a waiver of those objections for purposes of appeal. *E.g.*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       August 5, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge