UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDREA ALLEN,

                    Plaintiff,

       -against-

POLICE OFFICER ROBERT T. LEONARD,
SERGEANT CHRISTOPHER SKARTSIARIS,
and UNKNOWN JOHN DOE POLICE
OFFICERS,

                    Defendants.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-7163 (JMA) (ST)

FILED
CLERK

10:53 am, Feb 24, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

       Plaintiff Andrea Allen commenced this action against Police Officer Robert T. Leonard ("Police Officer Leonard") and Sergeant Christopher Skartsiaris ("Sgt. Skartsiaris) (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, asserting claims for false arrest, malicious prosecution and malicious abuse of process in connection with Plaintiff's arrest on December 17, 2016. (ECF No. 1.) Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 47.) On March 15, 2021, the late Honorable Sandra J. Feuerstein referred the motion for summary judgment to the late Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation ("R&R"). This case was reassigned to the undersigned following the untimely passing of Judge Feuerstein.

       On August 5, 2021, Judge Tomlinson issued an R&R which recommends denying Defendants' motion for summary judgment for failure to strictly comply with Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Judge Tomlinson found that the Court was left without the benefit of a proper Local Rule 56.1 statement and "[t]he question of probable cause in these specific circumstances is a fact-

intensive inquiry from which the Court can only conclude that there are 'genuine issues to be tried' here." (ECF No. 52.)

Defendants filed timely objections to the R&R, (ECF No. 53,) to which Plaintiff filed a response. (ECF No. 54.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Tomlinson's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

For Defendants' objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

Defendants argue that (1) their Local Rule 56.1 statement was sufficient and therefore their motion for summary judgment should not have been denied on that ground, and (2) that, regardless, their motion for summary judgment should be granted on the merits. First, the Court agrees with Judge Tomlinson that Defendants' Local Rule 56.1 Statement falls short of the requirements of the rule and that it is "not the role of the Court to search the summary judgment record for evidence

2

supporting a party's motion or opposition thereto." Knight v. Nassau Cty., No. 17-CV-0958, 2019 WL 3817392, at *4 (E.D.N.Y. Aug. 14, 2019).

Second, regardless of the sufficiency of Defendants' Local Rule 56.1 Statement, the parties' summary judgment briefing indicates that there are genuine issues of material fact in dispute that preclude summary judgment. For example, the parties dispute whether Police Officer Leonard knew about Plaintiff's prior history of disputes with the complainant (Plaintiff's neighbor Shakira Davenport) and, therefore, whether he should have had doubts about the complainant's veracity. Cf. Miller v. City of New York, 700 F. App'x 57, 58 (2d Cir. 2017) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with [a] crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). Defendants note that at his deposition "[Police Officer] Leonard recalled that when he prepared the police report, he was unaware of the plaintiff's history of conflicts with Ms. Davenport." (ECF No. 47-2, Def. Summary Judgment Mem. at 5.) However, Plaintiff argues that "Defendant Leonard was aware that Davenport had falsely accused Plaintiff of assault on an occasion prior to Plaintiff's arrest . . . [Plaintiff testified that] Leonard told Plaintiff that he knew Davenport had lied and made a false report in the past but he told her '[y]ou're going to jail. Tell it to the judge.'" (ECF No. 48, Pl. Opp. at 13; ECF No. 48-2, Pl. 56.1 Stmt. at ¶ 32.) Accordingly, there are issues of fact that preclude summary judgment.

Based on the foregoing, the Court adopts Judge Tomlinson's R&R in its entirety as the opinion of this Court. Accordingly, Defendants' motion for summary judgment is **DENIED**.

**SO ORDERED.**

Dated: February 24, 2022
      Central Islip, New York

                                                             /s/  (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE